IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Margaret Maddox,          )

         Plaintiff,        )

vs.                     )

Wal-Mart Stores, Inc.,    )
Cindy Fox and David Arrant,  )

        Defendants.     )

**11C-05251-6**

Civil Action File No.: _____

TOM LAWLER, CLERK
2011 JUN 27 AM 9:46
FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

## COMPLAINT FOR DAMAGES

Comes now, Margaret Maddox, Plaintiff herein, and files this her Complaint for

Damages, showing the Court as follows:

1.

Defendant Wal-Mart Stores, Inc., (hereinafter "Wal-Mart") is a foreign corporation

conducting regular business within the State of Georgia and is subject to the jurisdiction and

venue of this Court.

2.

Defendant Wal-Mart may be served with Summons and copy of this Complaint

through its registered agent for service, to wit: Corporation Process Company, 2180 Satellite

Boulevard, Suite 400, Duluth, Gwinnett County, Georgia 30097.

3.

Defendant Cindy Fox is a resident of the State of Georgia and is subject to the

jurisdiction and venue of this Court.



EXHIBIT
"B"

4.

Defendant Cindy Fox may be served with Summons and copy of this Complaint at 5200 Windward Parkway, Alpharetta, Fulton County, Georgia.

5.

Defendant David Arrant is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

6.

Defendant David Arrant may be served with Summons and copy of this Complaint at his residence located at 4965 Peachtree Drive, Buford, Gwinnett County, Georgia 30518.

7.

On July 2, 2009, Plaintiff was a business invitee upon the premises of Defendant Wal-Mart's store located at 5200 Windward Parkway, Alpharetta, Fulton County, Georgia.

8.

At said time and place, the Plaintiff fell as a result of a dangerously wet and slick floor inside Defendant Wal-Mart's store.

9.

Plaintiff's fall was a result of a dangerous condition on Defendant Wal-Mart's premises, of which Defendant Wal-Mart, through its agents and employees, had actual knowledge superior to that of the Plaintiff.

10.

Plaintiff's fall was a result of a dangerous condition on Defendant Wal-Mart's premises, of which Defendant Wal-Mart, through its agents and employees, had constructive knowledge superior to that of the Plaintiff.

11.

On July 2, 2009, Defendant Cindy Fox was a Manager at the Wal-Mart store located at 5200 Windward Parkway, Alpharetta, Georgia.

12.

As a Manager of the Wal-Mart store, Defendant Cindy Fox's duties included keeping the premises safe for invitees.

13.

As a Manager of the Wal-Mart store, Defendant Cindy Fox had supervisory control over the premises of the Wal-Mart store.

14.

On July 2, 2009, Defendant David Arrant was a Manager at the Wal-Mart store located at 5200 Windward Parkway, Alpharetta, Georgia.

15.

As a Manager of the Wal-Mart store, Defendant's David Arrant's duties included keeping the premises safe for invitees.

16.

As a Manager of the Wal-Mart store, Defendant David Arrant had supervisory control over the premises of the Wal-Mart store.

17.

Defendant Wal-Mart, through its agents and employees, including but not limited to Defendants Cindy Fox and David Arrant, was negligent in failing to keep the premises of its store located at 5200 Windward Parkway, Alpharetta, Georgia, safe for Plaintiff on July 2, 2009.

18.

As a result of her fall, Plaintiff sustained injuries to her right leg and back, and was otherwise injured.

19.

As a result of said injuries, Plaintiff has been required to undergo medical treatment and has incurred expenses therefrom.

20.

As a result of said injuries, Plaintiff will be required to undergo medical treatment in the future and will incur medical expenses in the future.

21.

As a result of said injuries, Plaintiff has endured, and will continue to endure, physical and mental pain and suffering.

Wherefore, Plaintiff demands trial by jury and judgment against the Defendants,

jointly and severally, in an amount to which she is entitled as shown by the evidence, with

all costs to be cast upon the Defendants.

JOHN M. HYATT
Georgia Bar No.: 381350
Attorney for Plaintiff

Hyatt & Hyatt P.C.
755 Commerce Drive
Suite 720 Commerce Plaza
Decatur, GA 30030
404/378-3635

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2011 JUN 27  AM 9: 46

TOM LAWLER, CLERK.

| | | |
|---|---|---|
| Margaret Maddox, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| VS. | ) | |
| | ) | FILE NO. __11C-05251-6__ |
| Wal-Mart Stores, Inc., | ) | |
| Cindy Fox and David Arrant, | ) | |
| | ) | |
| Defendant, | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO
## DEFENDANT WAL-MART STORES, INC.

NOW COMES, Margaret Maddox, Plaintiff in the above-styled action, and pursuant to O.C.G.A. Sections 9-11-33 and 9-11-34, submits to Wal-Mart Stores, Inc., for response, within forty-five days after service hereof, in the form provided by law, the following Interrogatories and Request for Production of Documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.  In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator, or attorney acting in your behalf.

### DEFINITIONS

(a)    As hereinafter used, the term "incident" shall refer to the incident giving rise to the Plaintiff's Complaint.

(b)     As hereinafter used, the phrase "the area where Plaintiff's fall occurred" shall refer to the area where the Defendant fell located at 5200 Windward Parkway, Alpharetta, GA.

(b)     "Documents" is an all inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced.  The term "documents" includes, without limitation, correspondence, inter-office communications, minutes, reports, memoranda, notes, schedules, drawings, pictures, tables, graphs, charts, surveys, books of account, ledgers, invoices, receipts, purchase orders, contracts, bills, checks, drafts, recordings, and all other such documents, tangible or retrievable, of any kind.  "Documents" includes any addenda, changes, additions or deletions made to any documents, and all drafts or preliminary versions of documents.  "Documents" includes information maintained in any form, including computerized information and information stored electronically or optically.  Such information that is not kept in hard copy shall be produced in hard copy in response to these requests to produce.  If you contend that such a hard copy cannot be made, indicate in your response what information exist but cannot be produced.

(c)     "Tangible items" includes all items of any physical substance other than "documents".

(d)     "You" includes all persons acting on your behalf, including all employees, officers, agents, servants, attorneys, investigators, contractors, experts,

technicians, and other persons acting on your behalf. "You" also includes all subsidiaries, parents or affiliated companies.

(e)     "Identify" means, with respect to documents: (1) describe the document and its substance, and do so sufficiently to allow for description in a subpoena or a request to produce; (2) state the date or dates of preparation, any title, and the preparer or preparers; (3) identify the custodian sufficiently to allow for production of the document by subpoena or a request to produce.

(f)     With respect to an individual, "identify" means to state: (1) his/her full name; (2) present residence address or last known residence address; (3) his/her present or last employer and address of such employer; (4) his/her home and business telephone numbers.

(g)     With respect to a firm, organization, trust, partnership, corporation or other entity (except an individual), "identify" means: (1) state the name of the entity; (2) state the type of entity (whether a corporation, partnership, etc.); (3) state the address of its principal place of business and any business address in Georgia; and (4) identify its chief executive officer.

(h)     With respect to oral communications, "identify" means to: (1) state the identity of the person(s) participating in each such oral communications; (2) state the substance of such oral communication made by each person identified; (3) state the date and location of such oral communication.

## INSTRUCTIONS

Privilege: If an objection based on privilege is asserted, identify the document, tangible item, communication, or information as to which the privilege is claimed in a manner sufficient to allow a court to determine whether the asserted privilege properly applies.

Objections: If objections other than privilege are asserted, the statement of a general objection is not sufficient. Set forth in any objection specifically and in sufficient detail to allow the Court to determine whether a Motion to Compel should be granted and the objection disallowed.

Information to be provided: In answering these interrogatories, you must furnish information that is available to "you". Please provide such information whether it is in your possession or not, whether you can vouch for its accuracy, or whether or not it constitutes heresay. With regard to information you provide that you do not know is accurate, indicate that fact as part of your response to the interrogatory.

## I. INTERROGATORIES

1.

State the name, address, and telephone number of each individual:

(a) who witnessed the incident or the events occurring immediately before or after the incident;

(b) who heard any statements made about the incident by any individual at the scene;

(c) who you or anyone acting on your behalf claims to have knowledge of the

incident;

(d)  who you or anyone acting on your behalf claims to have knowledge of the Plaintiff's damages arising out of the incident.

2.

For each of your employees physically present at the time and place of the incident, please state:

(a)  his or her name, address and telephone number;

(b)  job title as of date of incident;

(c)  whether she or he was on duty at the time of the incident;

(d)  the job or function she or he was performing at the time of the incident;

(e)  whether she or he is presently employed with the Defendant.

3.

Have you or anyone acting on your behalf interviewed any individual concerning the incident?  If so, for each individual, please state:

(a)  the name, address, and telephone number of the individual interviewed;

(b)  the date of the interview;

(c)  the name, address, and telephone number of the person who conducted the interview.

4.

Have you or anyone acting on your behalf obtained a written or recorded statement from any individual, including the Plaintiff, concerning the incident?  If so, for each

statement state:

(a) the name, address, and telephone number of the individual from whom the statement was obtained;

(b) the name, address, and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained;

(d) the name, address, and telephone number of each person who has the original statement or a copy.

5.

Does the Defendant have the original or copy of any accident reports prepared by Plaintiff or any person employed by Defendant or any person acting on Defendant's behalf pertaining to the accident alleged in the Complaint? If so, please state:

(a) The company form number, and date of any such reports and the name of the person who completed such report;

(b) Whether or not Plaintiff received a copy of said report.

6.

State whether any investigations or other reports were prepared, compiled, submitted or made by or on behalf of the Defendant in the regular course of business as a result of this incident.

7.

If the answer to the foregoing interrogatory is in the affirmative, enumerate and

identify the same by date, subject matter, name, address, and job classifications of the person

or persons making or rendering same, and the name and address of the person or persons to

whom addressed and/or directed, and the name, address and present whereabouts of the

person who has present custody and/or control thereof and the purpose of such preparation.

8.

Please state whether or not a surveillance video camera was operating on the premises

at the time of the incident which forms the subject matter of Plaintiff's Complaint. If your

answer is yes, please state:

(a)    Whether the camera recorded any portion of the incident complained of or

events immediately thereafter;

(b)    The present location of any videotape or digital recording which recorded any

portion of the incident complained of or any events immediately thereafter;

(c)    Your policy for retaining and maintaining videotapes or digital recordings of

injuries which occur on your premises.

9.

As to the area where Plaintiff's fall occurred, please state:

(a)    the name(s) and address of the person(s) who was charged with the

responsibility of sweeping, mopping, cleaning or maintaining that area on July

2, 2009.

(b)    the complete name(s) and address(es) of the person(s) who was charged with

the responsibility of inspecting that area on July 2, 2009;

(c)     the complete name and address of the entity who employed the person(s) identified in subparts (b) and (c) above;

(d)     if said person(s) is employed by an entity other than the Defendant, the nature of said entity's relationship to the Defendant (i.e. landlord, subsidiary, independent contractor, etc.);

(e)     identify all documents which record, document, or relate to the duties and responsibilities for the inspection, sweeping, mopping, cleaning or maintaining of that area on July 2, 2009;

(f)     identify all documents which record or document any actual inspection, sweeping, mopping, cleaning or maintaining of that area on July 2, 2009.

10.

State the name and address of each person you expect to call as an expert witness at the time of the trial and as to each such witness please advise the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

11.

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

12.

Please identify each insurance policy or policies which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

    (a) the writer of said policy or policies;

    (b) the local agent or representative who sold said policy or policies;

    (c) the policy number or numbers;

    (d) the policy coverage limits;

    (e) the named insured or insureds.

13.

Please state whether or not there was any excess liability or "umbrella" insurance policy in effect as of July 2, 2009 which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

    (a) the writer of said policy or policies;

    (b) the local agent or representative who sold said policy or policies;

    (c) the policy number or numbers;

    (d) the policy coverage limits;

    (e) the named insured or insureds.

14.

Please identify each manager of the Defendant's store located at 5200 Windward Parkway, Alpharetta, Georgia who was on duty on July 2, 2009, including:

    (a) his or her name, address and telephone number;

(b) The beginning and ending times of each manager's shift;

(c) Whether each manager is presently employed with the Defendant.

## II. **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

All statements identified in response to Plaintiff's interrogatory number 4.

2.

All reports identified in response to Plaintiff's interrogatory number 5.

3.

All reports identified in response to Plaintiff's interrogatory number 6.

4.

All surveillance videotapes or digital recordings which recorded any events in the area where Plaintiff's fall occurred inside the Defendant's store located at 5200 Windward Parkway, Alpharetta, GA on July 2, 2009.

5.

Any and all photographs and/or videotapes or digital recordings which recorded any portion of the event complained of or any events immediately thereafter.

6.

Any reports or records provided to you by any expert witness identified in response to Interrogatory No. 10.

7.

Any reports or records provided to you by any expert witness identified in response

to Interrogatory No. 11.

8.

The entire employee personnel file of the employee or employees identified in your response to interrogatory numbers 2(a), 9(a), 9(b), and 14.

9.

All documents which reflect, document or relate to any inspection, sweeping, cleaning, mopping or maintenance of the area where Plaintiff's fall occurred on July 2, 2009.

10.

All documents and things, including but not limited to training manuals, policy manuals, videotapes, CD-ROMs, DVDs, bulletins, memoranda, or policy manuals, which contains the Defendant's policy for the periodic inspection, sweeping, cleaning, mopping or maintenance of the floors of its stores as of July 2, 2009.

JOHN M. HYATT
Georgia Bar No. 381350

ATTORNEY FOR PLAINTIFF

HYATT & HYATT, P.C.
Suite 720 Commerce Plaza
755 Commerce Drive
Decatur, GA 30030
(404) 378-3635

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

11C-05251-6

Margaret Maddox

CIVIL ACTION,
NUMBER_____

_____

_____

_____ PLAINTIFF

VS.

Wal-Mart Stores, Inc., Cindy Fox and

David Arrant

_____ DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John M. HYatt
755 Commerce Drive, Suite 720
Decatur, GA  30030
404/378-3635

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____27____ day of ____June____ , A2011

Clerk of State Court

By_____
Deputy Clerk

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ST-1 Rev. 65

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        CIVIL ACTION FILE
                                          )        NO: 11C-05251-6
WAL-MART STORES, INC.,                    )
CINDY FOX and DAVID ARRANT,               )
                                          )
        Defendants.                       )

**ANSWER OF DEFENDANTS WAL-MART STORES, INC. AND CINDY FOX**

COME NOW, Defendant Wal-Mart Stores, Inc. (erroneously named and joined herein, the correct designation being Wal-Mart Stores East, LP) and Defendant Cindy Fox (erroneously named and joined herein, the correct designation being Cynthia Foxx) (collectively referred to hereinafter as "Defendants"), and make this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiffs are not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

## FIFTH DEFENSE

Any injury or damage sustained by Plaintiff was the result of an accident in the legal sense, and therefore Plaintiff is not entitled to recover from Defendants.

## SIXTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against these Defendants.

## SEVENTH DEFENSE

Plaintiff has improperly joined one or more parties.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable doctrines of waiver and estoppel.

## NINTH DEFENSE

Plaintiff has failed to properly identify a party.

## TENTH DEFENSE

Plaintiff's claim for consequential damages is barred as a matter of law.

## ELEVENTH DEFENSE

Plaintiff has failed to itemize their special damages pursuant to O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

All or a portion of Plaintiff's claims are barred by the applicable statute of limitation and laches.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead sufficient information and facts for the assessment of costs of litigation and/or prejudgment interest.

## FIFTEENTH DEFENSE

This Court lacks jurisdiction over the person and property of Defendants, and, therefore, this case should be dismissed as to it.

## SIXTEENTH DEFENSE

Plaintiff has failed to plead sufficient information for a determination of future medical expenses and permanency of injuries.

## SEVENTEENTH DEFENSE

One or more of these Defendants are not subject to the jurisdiction and venue of this Court.

## EIGHTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendants deny, as stated, the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### 2.

Defendants deny, as stated, the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny, as stated, the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny, as stated, the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny, as stated, the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny, as stated, the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.