9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny, as stated, the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny, as stated, the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny, as stated, the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny, as stated, the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny, as stated, the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny, as stated, the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny, as stated, the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny, as stated, the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny, as stated, the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny, as stated, the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny Plaintiff's prayer for relief, including all subparts therein.

23.

All other allegations, counts or claims which Defendants have not specifically responded to are hereby denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiffs. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.

_____

Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANTS** has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

> John M. Hyatt, Esq.
> Hyatt & Hyatt, P.C.
> 755 Commerce Drive
> Suite 720, Commerce Plaza
> Decatur, Georgia 30030

This <u>26th</u> day of July, 2011.

> McLAIN & MERRITT, P.C.
>
> _____
> Albert J. DeCusati
> Georgia Bar No. 215610
> Ashley C. Alexander
> Georgia Bar No. 141360
> Attorneys for Defendants
> WAL-MART STORES, INC.
> and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,                  )
                                  )
          Plaintiff,              )
                                  )
v.                                )          CIVIL ACTION FILE
                                  )          NO: 11C-05251-6
WAL-MART STORES, INC.,            )
CINDY FOX and DAVID ARRANT,       )
                                  )
          Defendants.             )

TO:    Margaret Maddox, by and through her counsel of record:
       John M. Hyatt, Esq.
       Hyatt & Hyatt, P.C.
       755 Commerce Drive
       Suite 720, Commerce Plaza
       Decatur, Georgia 30030

## NOTICE OF TAKING DEPOSITION OF MARGARET MADDOX

YOU ARE HEREBY notified that beginning on the 28th day of September,

2011 commencing at 10:00 a.m., at the offices of Hyatt & Hyatt, P.C., 755 Commerce

Plaza, Decatur, Georgia 30030, the deposition will be taken of Margaret Maddox.

Said deposition will be taken for purposes of cross examination, discovery and all

other purposes provided by law before an officer duly authorized to administer

oaths.  The deposition shall continue from day-to-day until completion.

*-signature page follows-*

McLain & Merritt, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**NOTICE OF TAKING DEPOSITION OF MARGARET MADDOX** upon counsel

for all parties by depositing same in the United States Mail in envelopes with

sufficient postage affixed thereon to insure delivery addressed as follows:

John M. Hyatt, Esq.
Hyatt & Hyatt, P.C.
755 Commerce Drive
Suite 720, Commerce Plaza
Decatur, Georgia 30030

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,                )
                                )
          Plaintiff,            )
                                )
v.                              )        CIVIL ACTION FILE
                                )        NO: 11C-05251-6
WAL-MART STORES, INC.,          )
CINDY FOX and DAVID ARRANT,     )
                                )
          Defendants.           )

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS OF FACT TO PLAINTIFF

COME NOW, Defendant Wal-Mart Stores, Inc. (erroneously named and joined herein, the correct designation being Wal-Mart Stores East, LP) and Defendant Cindy Fox (erroneously named and joined herein, the correct designation being Cynthia Foxx) (collectively referred to hereinafter as "Defendants"), and pursuant to O.C.G.A. § 9-11-36, request that Plaintiff admit for purposes of this action only, the following matters within 30 days.

1.

Plaintiff will not seek, recover or collect from Defendants a sum in excess of $75,000.

2.

Any portion of a verdict against Defendants that exceeds $75,000 will be

written down by the Court so that the Judgment shall not exceed the sum of $75,000.

3.

Defendants shall not in this action be ordered, adjudged or called upon to pay to Plaintiff a sum in excess of $75,000.

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **DEFENDANTS'**

**FIRST REQUEST FOR ADMISSIONS OF FACT TO PLAINTIFF** has this day been

served upon opposing counsel, by placing same in the United States Mail, postage

prepaid, and addressed as follows:

John M. Hyatt, Esq.
Hyatt & Hyatt, P.C.
755 Commerce Drive
Suite 720, Commerce Plaza
Decatur, Georgia 30030

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,               )
                               )
        Plaintiff,             )
                               )
v.                             )        CIVIL ACTION FILE
                               )        NO: 11C-05251-6
WAL-MART STORES, INC.,         )
CINDY FOX and DAVID ARRANT,    )
                               )
        Defendants.            )

## DEFENDANT WAL-MART STORES, INC.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

TO:   Plaintiff, Margaret Maddox, by and through her counsel of record,

Defendant hereby request Plaintiff to answer the following interrogatories under oath and in accordance with the applicable provisions of the Georgia Civil Practice Act.

## I. INSTRUCTIONS

Each interrogatory should be answered separately upon the knowledge or upon the information and belief of Plaintiff and any answer based upon information and belief should state that it is given upon such basis.

If the complete answer to an interrogatory is not known, so state and answer as fully as possible each part of such interrogatory to which an answer is known.

The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act.

If any information is withheld under any claim of privilege, the following shall be provided with respect to such information: every person to whom such information has been communicated by Plaintiff and from whom such information was learned by Plaintiff, the subject matter of such information, and the basis upon which such privilege is claimed.

All definitions set forth hereinbelow shall be carefully regarded.

## II. DEFINITIONS

As used herein, the word "Plaintiff" shall mean Margaret Maddox, including all officers, directors, attorneys, agents, employees, and representatives acting on his behalf.

As used herein, the word "Defendant" shall mean Wal-Mart Stores, Inc., including all officers, directors, attorneys, agents, employees, and representatives acting on its behalf.

As used herein, the words "you" and "your" shall refer to Plaintiff as defined hereinabove.

As used herein, the words "every document" shall mean every writing or records, however produced, reproduced, preserved, including but not limited to every book, pamphlet, periodical, letter, memorandum, telegram, report, records, study, interoffice, or intraoffice communication, memorandum reflecting an oral communication, handwritten or other notes, working paper, draft, application,

permit, chart, drawing paper, graph, survey, index, tape, disk, data sheet, data processing card, computer printout, and every other written, typed, recorded, transcribed, filed, or graphic matter, except such documents as are immune from production under applicable provisions of law.

As used herein, the word "person" shall include individuals, firms, partnerships, corporations, proprietorships, associations, governmental units, and every other type of organization or entity.

As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including relationship to other events).

As used herein, the word "identify" when used in reference to:

(a) an <u>individual</u>, shall mean to state his or her full name, present or last known residence address (designating which), and the present or last known business affiliation, job title, and employment address.

(b) a <u>firm, partnership, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name and present or last known (designating which) address and telephone number.

(c) a <u>document</u>, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some better means of identifying it, a

summary of its contents, and its present location or custodian. In the case of a document within the possession, custody, control, or access of Plaintiff, whether Plaintiff will make it available to the undersigned attorney for inspection and/or copying; and, in the case of a document that was, but is no longer, in the possession, custody, or control of Plaintiff, what disposition was made of it, when, why, and to whom.

1.

Please list the medical expenses, which you contend are the result of the Wal-Mart incident, in a format similar to the following: [In the event you do not yet have all of the charges, please provide the name and addresses of all medical providers].

| Medical Provider | Address | Total of Charges |
|---|---|---|
|  |  |  |

2.

Please list all medical, hospital, medicare and medicaid liens related to the Wal-Mart incident in a format similar to the following:

| Lien Holder | Address | Total of Lien |
|---|---|---|
|  |  |  |

3.

List each part of the body which you contend you injured in the Wal-Mart incident.

4.

Please itemize all lost wages which you contend are the result of the Wal-Mart incident in a format similar to the following:

| Employer | Hourly or Weekly Pay Rate | Dates Missed | Lost Income |
|---|---|---|---|
| | | | |

5.

Please list every motor vehicle collision in which you have been involved [as a driver, passenger or pedestrian] in a format similar to the following:

| Date of Collision | Investigating Police Department | Part of Body Injured | Name and address of every Medical Provider |
|---|---|---|---|
| | | | |

6.

Please list every on-the-job injury you have suffered in a format similar to the following:

| Date of Injury | Name and address of Employer | Party of Body Injured | Name and address of every medical provider |
|---|---|---|---|
| | | | |

7.

Please state the name and address of each and every employer you have had over the past 15 years, including your present employer, if any.

8.

Please state the name and address of each and every health insurer (individual, group, HMO, etc.) which has provided health coverage to you over the past 15 years.

9.

Please state the name and address of each and every automobile/motor vehicle insurer (State Farm, Allstate, GEICO, etc) which has provided liability coverage to you over the past 15 years.

10.

Please list each and every application you have submitted for Social Security Disability Benefits in a format similar to the following:

| Date of Application | Address of Social Security Office | Basis for Alleged Disability | Benefits Granted or Denied. |
|---|---|---|---|
|  |  |  |  |

11.

Please list each and every bodily injury claim ever made by you in a format similar to the following:

| Date of Incident | Description of Incident | Part(s) of Body Injured | Name and address of Insurance Company Involved |
|---|---|---|---|
|  |  |  |  |

12.

State the name and address of each and every hospital at which you have been examined, tested or treated [in-patient, out-patient, emergency room or diagnostic testing] at any time during the past 15 years.

13.

State the name and address of each and every pharmacy [including mail-order pharmacies] at which you have obtained prescription medication at any time during the past 15 years.

14.

Have you ever at any time BEFORE the Wal-Mart incident suffered an injury to, or experienced pain in the same part(s) of the body which you contend you injured in the Wal-Mart incident? If your answer is in the affirmative, state the name and address of each and every hospital, chiropractor, physical therapist or other medical provider who examined or treated said pre-Wal-Mart injury or condition.

15.

State the name and address of each and every chiropractor who has ever examined or treated you BEFORE the Wal-Mart incident.

16.

Has Plaintiff ever been convicted of a crime? If so, please state the date of each such conviction, the location of the Court where the conviction occurred, and the crime upon which each such conviction was based.

17.

Has Plaintiff been a party to another lawsuit? If your answer is in the affirmative, give the approximate date the lawsuit was filed, the Court in which it was filed, and the style of the case.

18.

State specifically and in reasonable detail how the occurrence happened

which is the basis of this lawsuit, and include any oral statements by Wal-Mart associates which you contend may constitute admissions against interest.

19.

State the name of every person known to Plaintiff who appears to be an eyewitness to the incident as alleged in Plaintiff's Complaint.

20.

Please state the names and addresses of all persons known to Plaintiff who have knowledge of any relevant facts concerning the issues in this case.

21.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

22.

Please identify each expert expected to testify at trial, including all subsequent treating physicians and practitioners of the healing arts; state the subject matter the expert is expected to testify about and the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each

opinion.

23.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

24.

Please identify by date, author and subject matter all documents relied upon by you to demonstrate and supports facts relevant to the issues in this litigation.

25.

State your date of birth, marital status and full name of spouse, driver's license number, social security number, and educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each. [If you do not wish to include your social security number in Answers to Interrogatories, Plaintiff's counsel may forward Plaintiff's social security number by letter or email.]

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff is requested to produce the following documents at the office of Defendant's attorneys, McLain & Merritt, P.C., 3445 Peachtree Road, Suite 500, Atlanta, Georgia  30326, thirty (30) days after service of these interrogatories and

request for production of documents; or in the alternative to attach copies of said documents to the responses to these interrogatories and request for production of documents.

1.

All medical expenses or bills or drug bills incurred by you in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

2.

All medical reports (including hospital records) prepared by any physician, psychologist, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence in your possession or the possession of your attorney.

3.

All photos of any person, place, or thing related to this occurrence (photocopies of such photos may be produced in lieu of the positive prints).

4.

Any and all documents obtained from any defendant or his/her/its employees or agents at any time following the incident referred to in your complaint.

5.

Any and all correspondence to you or anyone on your behalf from any defendant or anyone on his/her/its behalf.

6.

Any and all correspondence from you or anyone on your behalf to any defendant or anyone on his/her/its behalf.

7.

Copies of any statements or recordings of any statements from any employee of any defendant.

8.

Copies of any applications for benefits or proofs of loss provided by you or on your behalf to any insurance company and which pertains to the incident or injuries referred to in your complaint.

9.

Copies of any card verifying existence of any major medical insurance or hospitalization benefits or coverage at the time of the incident referred to in your complaint.

10.

Copies of any report by any expert retained and consulted by you with respect to any aspect of the occurrence referred to in your complaint.