11.

Copies of all witness statements obtained from any person about any information related to any issue in this lawsuit, including but not limited to liability or damages.

12.

Copies of any photographs, motion pictures, videotapes, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence or depiction concerning the subject incident or any of the issues involved in this lawsuit including, but not limited to, the issues of liability and damages.

13.

Copies of all reports received from any experts, including experts who will testify at trial, who have investigated any issue related to the subject incident and related to this lawsuit.  Also, produce all materials relied upon by each expert in formulating his/her opinions and conclusions.

14.

Copies of any records reflecting or referring to employment of you for the five years preceding the accident referred to in your complaint, including but not limited to W2 forms, 1099 forms, separation notices, income statements, et cetera.

15.

Any and all documents in your possession regarding defendants' employees and/or independent contractor's failure to inspect anything you contend should have been inspected immediately before your accident.

16.

Any and all documents that you contend show that any defendant did not determine that the location or instrumentality involved in plaintiff's incident (on the date of the subject incident) was properly inspected, managed, and/or maintained at the time of the subject incident.

17.

Copies of all documentation of any kind received from any person or corporation relative to inspecting, managing, and/or maintaining the instrumentality or location where plaintiff's incident occurred on the date of the subject incident.

18.

Copies of any and all documents of whatever kind evidencing any substantially similar event in the immediate area where plaintiff's claimed incident occurred on the date of the subject incident.

19.

Any and all reports and documents taken or prepared by plaintiff or anyone

on behalf of plaintiff concerning the incident referred to in plaintiff's complaint.

20.

Any and all reports and/or statements concerning the subject incident submitted to and/or taken by any investigator or adjuster.

21.

Copies of any and all photographs and/or videotapes and/or moving pictures of plaintiff or of any defendant or his/her/its agents, servants, or employees at any time after the accident referred to in plaintiff's complaint.

22.

Copies of any documents or other material which in any way relates to plaintiff or plaintiff's representatives or family contacting or attempting to contact any defendant and/or defendant's representatives after the incident up to and including the date of trial.

23.

Copies of any and all documents which support or otherwise pertain to any of your responses to defendant's first interrogatories, identifying which interrogatory response each document supports or otherwise pertains to.

24.

All documents, records, reports, memoranda, and/or correspondence referring in any way to injuries to persons who claimed to have experienced a

substantially similar incident to that involving the plaintiff at the same store within three years prior to plaintiff's incident.

25.

The curriculum vitae of all experts who are expected to testify on behalf of the plaintiff(s).

26.

The written or oral reports of experts who are expected to testify on behalf of the plaintiff(s).

27.

All documents, records, correspondence, reports, and/or memoranda referring in any way to the inspecting, managing, and/or maintaining the instrumentality or location referred to in the complaint.

28.

Floor plan, aerial photographs, and/or other drawings or materials demonstrating an overhead view of the instrumentality or location described in the complaint.

29.

Documents and/or items that describe, list and/or demonstrate:

(a)    the area where plaintiff's incident occurred; and

(b)    the lighting and/or lack of lighting of the area where plaintiff's incident

occurred.

30.

Copies of any photographs, still or motion pictures, and/or videotapes of the incident scene, taken on or after the date of the subject incident.

31.

Documents you receive in response to requests to non-parties for the production of documents.

32.

All safety notices, warnings, bulletins, or other similar documents you contend should have been displayed or distributed by defendant(s) at the location or instrumentality where you contend your accident took place.

33.

Any documents containing measurements, surveys, or calculations made by you or anyone on your behalf or your lawyer's behalf of the instrumentality or location referred to in your complaint.

34.

Any industry or trade standard you contend applies to the location, instrumentality, or claims referred to in your lawsuit.

35.

Any records of cell phone calls by you on the day of the incident referred to

in your complaint.

36.

Any records of questionnaires, questions, or other papers provided to any focus groups, jury research firms, or non-parties (other than your lawyer) concerning the facts or damages claimed by you.

37.

Any records of vehicle, bus, train, or airline travel by you since the date of the incident alleged in your complaint.

38.

Any photographs or videos exhibiting or documents supporting engagement or participation by you in any hobbies or recreation for (a) the five years before and (b) the entire time after the accident referred to in your complaint.

39.

Any histories or documents written or signed by you concerning any medical, psychological, or psychiatric testing for (a) the ten years before and (b) the entire time after the accident referred to in your complaint.

40.

Any documents referring to or showing any hazardous condition in the area of your claimed accident.

41.

Any documents referring to or showing any design and/or construction defect in the area of your claimed accident.

42.

Any documents referring to, showing, or demonstrating why you could not have seen and avoided any claimed hazard immediately before your claimed fall.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANT WAL-MART STORES, INC.'S FIRST INTERROGATORIES AND**

**REQUEST FOR PRODUCTION TO PLAINTIFF** upon counsel for all parties by

depositing same in the United States Mail in envelopes with sufficient postage

affixed thereon to insure delivery addressed as follows:

John M. Hyatt, Esq.
Hyatt & Hyatt, P.C.
755 Commerce Drive
Suite 720, Commerce Plaza
Decatur, Georgia 30030

This the 26th day of July, 2011.

McLAIN & MERRITT, P.C.


_____
Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CIVIL ACTION FILE
                                    )        NO: 11C-05251-6
WAL-MART STORES, INC.,              )
CINDY FOX and DAVID ARRANT,         )
                                    )
        Defendants.                 )

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1. Defendant Wal-Mart Stores, Inc.'s First Interrogatories and Request for Production of Documents to Plaintiff;
2. Defendant Wal-Mart Stores, Inc.'s First Request for Admissions of Fact to Plaintiff; and
3. Notice of Taking Deposition of Margaret Maddox.

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.


Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been served upon all parties by placing same in the United States Mail, postage prepaid, and addressed as follows:

John M. Hyatt, Esq.
Hyatt & Hyatt, P.C.
755 Commerce Drive
Suite 720, Commerce Plaza
Decatur, Georgia 30030

This 26th day of July, 2011.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Ashley C. Alexander
Georgia Bar No. 141360
Attorneys for Defendants
WAL-MART STORES, INC.
and CINDY FOX

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
adecusati@mclain-merritt.com
aalexander@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARGARET MADDOX,                          )
                                          )
         Plaintiff,                       )
                                          )
v.                                        )       CIVIL ACTION FILE
                                          )       NO: 11C-05251-6
WAL-MART STORES, INC.,                    )
CINDY FOX and DAVID ARRANT,               )
                                          )
         Defendants.                      )

## DEFENDANT WAL-MART STORES, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant")

(erroneously named and joined herein, the only correct designation being Wal-Mart Stores

East, LP), and responds to Plaintiff's First Interrogatories and Request for Production of

Documents as follows:

Defendant objects to the preamble, instructions, and "Definitions" to the extent that

it requires compliance outside those required by the Georgia Civil Practice Act.

Without waiving the foregoing objections and any others set forth herein, Defendant

responds to the enumerated paragraphs of Plaintiff's First Interrogatories and Request for

Production of Documents as follows:

### INTERROGATORIES

1.

State the name, address, and telephone number of each individual:

(a)   who witnessed the incident or the events occurring immediately before or
      after the incident;
(b)   who heard any statements made about the incident by any individual at the
      scene;
(c)   who you or anyone acting on your behalf claims to have knowledge of the
      incident;

(d)   who you or anyone acting on your behalf claims to have knowledge of the Plaintiff s damages arising out of the incident.

**Response:**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and vague, and seeks personal, confidential, privileged, and irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving said objections, Defendant states that the following individuals may have witnessed some portion of the subject incident or may have some knowledge of the subject incident:

Margaret Maddox, c/o Plaintiff's Counsel;

Cynthia Foxx, Wal-Mart Assistant Manager, c/o Albert J. DeCusati, Esq., McLain & Merritt, P.C., 3445 Peachtree Road NE, Suite 500, Atlanta, Georgia 30326, (404) 266-9171;

Rajwinder Singh, Wal-Mart Sales Associate, c/o Albert J. DeCusati, Esq., McLain & Merritt, P.C., 3445 Peachtree Road NE, Suite 500, Atlanta, Georgia 30326, (404) 266-9171; and

David Arrant, Wal-Mart Assistant Manager, c/o Albert J. DeCusati, Esq.; McLain & Merritt, P.C., 3445 Peachtree Road NE, Suite 500, Atlanta, Georgia 30326, (404) 266-9171.

2.

For each of your employees physically present at the time and place of the incident, please state:

(a)   his or her name, address and telephone number;
(b)   job title as of date of incident;
(c)   whether she or he was on duty at the time of the incident;
(d)   the job or function she or he was performing at the time of the incident;
(e)   whether she or he is presently employed with the Defendant.

**Response:**

In responding to this interrogatory, Defendant incorporates, by reference, its response to Interrogatory No. 1 as if set forth fully herein. Subject to and without waiving said objections, Defendant states that its investigation and discovery are incomplete. It may need to supplement this response.

3.

Have you or anyone acting on your behalf interviewed any individual concerning the incident? If so, for each individual, please state:

    (a)    the name, address, and telephone number of the individual interviewed;
    (b)    the date of the interview;
    (c)    the name, address, and telephone number of the person who conducted the interview.

**Response:**

Defendant objects to this interrogatory on the grounds that it seeks information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation materials. Subject to and without waiving said objections, Defendant states that Assistant Manager Cynthia Foxx spoke with Plaintiff to complete the customer statement, a copy of which is attached hereto, regarding the subject incident.

4.

Have you or anyone acting on your behalf obtained a written or recorded statement from any individual, including the Plaintiff, concerning the incident? If so, for each statement state:

    (a)    the name, address, and telephone number of the individual from whom the statement was obtained;

(b)     the name, address, and telephone number of the individual who obtained the statement;

(c)     the date the statement was obtained;

(d)     the name, address, and telephone number of each person who has the original statement or a copy.

**Response:**

Defendant objects to this interrogatory on the grounds that it seeks personal, confidential, privileged information, and requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation materials. Furthermore, <u>Georgia Civil Practice Act</u> requires that the requesting party must show "substantial need of the materials in the preparation of the party's case..." This provision specifically includes insurers, indemnitor, consultants, and agents as well as attorneys representing the party. This anticipatory language was included to afford protection of documents gathered by non-party representatives, or the parties to the action. Subject to and without waiving said objections, Defendant attaches hereto a copy of Defendant's Report of Customer Incident and Customer Statement.

5.

Does the Defendant have the original or copy of any accident reports prepared by Plaintiff or any person employed by Defendant or any person acting on Defendant's behalf pertaining to the accident alleged in the Complaint? If so, please state:

(a)     The company form number, and date of any such reports and the name of the person who completed such report;

(b)     Whether or not Plaintiff received a copy of said report.

**Response:**

In responding to this interrogatory, Defendant incorporates, by reference, its response to Interrogatory No. 4 as if set forth fully herein.

-4-

6.

State whether any investigations or other reports were prepared, compiled, submitted or made by or on behalf of the Defendant in the regular course of business as a result of this incident.

**Response:**

In responding to this interrogatory, Defendant incorporates, by reference, its response to Interrogatory No. 4 as if set forth fully herein.

7.

If the answer to the foregoing interrogatory is in the affirmative, enumerate and identify the same by date, subject matter, name, address, and job classifications of the person or persons making or rendering same, and the name and address of the person or persons to whom addressed and/or directed, and the name, address and present whereabouts of the person who has present custody and/or control thereof and the purpose of such preparation.

**Response:**

In responding to this interrogatory, Defendant incorporates, by reference, its response to Interrogatory No. 4 as if set forth fully herein.

8.

Please state whether or not a surveillance video camera was operating on the premises at the time of the incident which forms the subject matter of Plaintiff's Complaint. If your answer is yes, please state:

(a)    Whether the camera recorded any portion of the incident complained of or events immediately thereafter;

(b)    The present location of any videotape or digital recording which recorded any

portion of the incident complained of or any events immediately thereafter;
(c)   Your policy for retaining and maintaining videotapes or digital recordings of injuries which occur on your premises.

**Response:**

Defendant objects to this interrogatory on the grounds that it seeks information deemed private and confidential pursuant to the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 et seq., or is otherwise privileged and confidential; and seeks attorney/client communication and attorney work product and/or information prepared in anticipation of litigation. Defendant further objects on the grounds that this interrogatory is overly broad, unduly burdensome and vague, and not properly limited in time, scope, or manner. Subject to and without waiving said objections, Defendant states that, on the date of the subject incident, there was no video shot of the subject incident.

9.

As to the area where Plaintiff s fall occurred, please state:

(a)   the name(s) and address of the person(s) who was charged with the responsibility of sweeping, mopping, cleaning or maintaining that area on July 2, 2009.
(b)   the complete name(s) and address(es) of the person(s) who was charged with the responsibility of inspecting that area on July 2, 2009;
(c)   the complete name and address of the entity who employed the person(s) identified in subparts (b) and (c) above;
(d)   if said person(s) is employed by an entity other than the Defendant, the nature of said entity's relationship to the Defendant (i.e. landlord, subsidiary, independent contractor, etc.);
(e)   identify all documents which record, document, or relate to the duties and responsibilities for the inspection, sweeping, mopping, cleaning or maintaining of that area on July 2, 2009;
(f)   identify all documents which record or document any actual inspection, sweeping, mopping, cleaning or maintaining of that area on July 2, 2009.

**Response:**

(a)   Defendant objects to this interrogatory on the grounds that it is overly broad,

-6-

unduly burdensome and vague; not properly limited in time, scope, or location; and seeks privileged, confidential, and irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant states that all its employees conduct inspections of a periodic and on an as needed basis looking for any potentially hazardous conditions.  If one is found, it is corrected immediately.

(b)    In responding to Interrogatory No. 9(b), Defendant incorporates, by reference, its response to Interrogatory No. 9(a) as if set forth fully herein.

(c)    In responding to Interrogatory No. 9(c), Defendant incorporates, by reference, its response to Interrogatory No. 9(a) as if set forth fully herein. Subject to and without waiving said objections, Defendant states that it may need to supplement this response.

(d)    In responding to Interrogatory No. 9(d), Defendant incorporates, by reference, its response to Interrogatory No. 9(a) as if set forth fully herein. Subject to and without waiving said objections, Defendant states that it may need to supplement this response.

(e)    In responding to Interrogatory No. 9(e), Defendant incorporates, by reference, its response to Interrogatory No. 9(a) as if set forth fully herein. Subject to and without waiving said objections, Defendant will produce a copy of the applicable sections of its standard policies and procedures, at a mutually convenient time and location, provided Plaintiff enters into a consent protective order.  Defendant attaches a proposed consent protective

order.

(f)     In responding to Interrogatory No. 9(f), Defendant incorporates, by reference, its response to Interrogatory No. 9(a) as if set forth fully herein.  Subject to and without waiving said objections, Defendant states that no records or logs are created or kept regarding said periodic inspections.

10.

State the name and address of each person you expect to call as an expert witness at the time of the trial and as to each such witness please advise the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

**Response:**

Defendant states that it has not yet determined who, if anyone, it will call to testify as an expert at trial.  Defendant reserves the right to call any of Plaintiff's treating physicians or other medical providers as experts. Defendant will supplement this response if, and when, appropriate.

11.

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

**Response:**

Defendant objects to this interrogatory on the grounds that it exceeds the scope of

permissible discovery under the Georgia Civil Practice Act with regard to retain experts but who are not expected to testify at trial. Defendant states that it has not yet determined who, if anyone, it will call to testify as an expert at trial. Defendant reserves the right to call any of Plaintiff's treating physicians or other medical providers as experts. Defendant will supplement this response if, and when, appropriate.

12.

Please identify each insurance policy or policies which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

    (a)    the writer of said policy or policies;
    (b)    the local agent or representative who sold said policy or policies;
    (c)    the policy number or numbers;
    (d)    the policy coverage limits;
    (e)    the named insured or insureds.

**Response:**

Defendant is essentially self-insured with excess coverage provided by American Home Assurance Company. Defendant objects to producing said excess policy on the grounds that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome. Subject to and without waiving said objections, Defendant will produce a copy of the Declaration page, at a mutually convenient time and location.

13.

Please state whether or not there was any excess liability or "umbrella" insurance policy in effect as of July 2, 2009 which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

    (a)    the writer of said policy or policies;

    (b)      the local agent or representative who sold said policy or policies;
    (c)      the policy number or numbers;
    (d)      the policy coverage limits;
    (e)      the named insured or insureds.

**Response:**

In responding to this interrogatory, Defendant incorporates, by reference, its response to Interrogatory No. 12 as if set forth fully herein.

14.

Please identify each manager of the Defendant's store located at 5200 Windward Parkway, Alpharetta, Georgia who was on duty on July 2, 2009, including:

    (a)      his or her name, address and telephone number;
    (b)      the beginning and ending times of each manager's shift;
    (c)      whether each manager is presently employed with the Defendant.

**Response:**

Defendant objects to this interrogatory on the grounds that it seeks confidential and privileged information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The store in question employs numerous members of management, most of whom have no personal knowledge of the alleged incident, were not witnesses to the alleged incident, and do not work in the same department where the alleged incident occurred. Subject to and without waiving said objections, Defendant states that Wal-Mart Assistant Managers Cynthia Foxx and David Arrant were on duty at the time of the subject incident. Defendant states that its investigation and discovery are incomplete. It may need to supplement this response.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All statements identified in response to Plaintiffs interrogatory number 4.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 4 as if set forth fully herein.

2.

All reports identified in response to Plaintiffs interrogatory number 5.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 5 as if set forth fully herein.

3.

All reports identified in response to Plaintiffs interrogatory number 6.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 6 as if set forth fully herein.

4.

All surveillance videotapes or digital recordings which recorded any events in the area where Plaintiff's fall occurred inside the Defendant's store located at 5200 Windward Parkway, Alpharetta, GA on July 2, 2009.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 8 as if set forth fully herein.

-11-

5.

Any and all photographs and/or videotapes or digital recordings which recorded any portion of the event complained of or any events immediately thereafter.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 8 as if set forth fully herein.  Subject to and without waiving said objections, Defendant attaches hereto copies of photographs.

6.

Any reports or records provided to you by any expert witness identified in response to Interrogatory No. 10.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 10 as if set forth fully herein.

7.

Any reports or records provided to you by any expert witness identified in response to Interrogatory No. 11.

**Response:**

In responding to this request, Defendant incorporates, by reference, its response to Interrogatory No. 11 as if set forth fully herein.

8.

The entire employee personnel file of the employee or employees identified in your response to interrogatory numbers 2(a), 9(a), 9(b), and 14.