IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARGARET MADDOX,** : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO.** |
| v. : | **1:11-CV-2892-SCJ** |
| : | |
| **WAL-MART STORES, INC.,** : | |
| **CINDY FOX and DAVID** : | |
| **ARRANT,** : | |
| : | |
| **Defendants.** : | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Remand to state court for lack of subject matter jurisdiction [Doc. No. 5] and Defendants' Motion to Dismiss Cindy Fox and David Arrant for fraudulent joinder [Doc. No. 8].

**I.    BACKGROUND**

On June 27, 2011, Plaintiff, Margaret Maddox, filed a Complaint seeking damages under O.C.G.A. § 51-3-1 in the State Court of Gwinnett County, Georgia alleging that Defendants Wal-Mart Stores, Inc., Cindy Fox, and David Arrant (hereinafter "Defendants) were "negligent in failing to keep the premises of its store . . . safe for Plaintiff." Doc. No. 1-2, ¶17. Plaintiff states that she sustained personal injuries on July 2, 2009 after falling inside a Wal-Mart store (hereinafter "store"),

AO 72A
(Rev.8/82)

located at 5200 Windward Parkway, Alpharetta, Georgia, "as a result of a dangerously wet and slick floor." [Doc. No. 1-2].

The record contains evidence showing that Defendants Fox and Arrant were employed by Defendant Wal-Mart as assistant managers of the store at issue on the day of the incident [Doc. No. 8, 27 - 30].

On August 29, 2011, Defendants removed this action to the United States District Court, Northern District of Georgia, to which the undersigned judge has been assigned.

The basis of the removal was pursuant to the Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. Doc. No.1. Defendants state that complete diversity of citizenship exists between Plaintiff and Defendant Wal-Mart as Plaintiff is a citizen of Georgia and Defendant Wal-Mart is a Delaware corporation with a principal place of business in Arkansas. Doc. No. 1, 2 - 3, ¶ 3 &4.[1] Defendants further state that the citizenship of Defendants Cindy Fox and David Arrant, who are alleged as Georgia residents, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against these individuals and these two individuals therefore have been

---

[1] There appears to be a typographical error in paragraph 4 of the removal notice in regard to Plaintiff's name.

fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. Doc. No. 1, 3, ¶ 8.

On October 7, 2011, Plaintiff filed a Motion for Remand and Attorney's Fees. Doc. No. 5. Plaintiff seeks to remand to state court on the ground that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are not completely diverse. Doc. No. 5.

Defendants maintain that this Court properly has subject matter jurisdiction because Defendants Fox and Arrant were fraudulently joined. Defendants have also filed a Motion to Dismiss Cindy Fox and David Arrant. Doc. No. 8.[2]

## II. ANALYSIS

Federal courts are courts of limited subject matter jurisdiction and lack the power to adjudicate a claim absent power authorized by the Constitution and a statutory grant of authority from Congress. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing that a cause lies within the jurisdiction of a federal court rests upon the party asserting jurisdiction. Id. (citing McNutt v. General Motors Acceptance Corp., 28 U.S. 178, 182-83 (1936)).

---

[2]No response has been filed by Plaintiff to said motion. The Court will accordingly deem said motion unopposed. See Local Rule 7.1(B) ND Ga (providing that the failure to file a response shall indicate that there is no opposition to the motion).

Defendants rely on 28 U.S.C. § 1332 as a basis for jurisdiction because Plaintiff is diverse from Defendant Wal-Mart. Doc. No. 1, 8] Defendants assert that the non-diverse citizenship of Defendants Fox and Arrant should not be considered for the purpose of determining jurisdiction because they were fraudulently joined in order to defeat federal diversity jurisdiction Id.

While diversity jurisdiction under 28 U.S.C. § 1332 "as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant," Palmer v. Hospital Authority of Randolph Cnty, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)), "[a]n action may nevertheless be removable if the joinder of the non-diverse party is fraudulent." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996) (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). See also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").

Therefore, to determine whether this Court properly has subject matter jurisdiction over this action or whether it should be remanded to state court, the Court must first determine whether Defendants Fox and Arrant were fraudulently joined.

### A. STANDARD OF REVIEW

The burden of proving fraudulent joinder is on the removing party. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). There are three situations where a plaintiff's joinder of a non-diverse defendant may be fraudulent: first, when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; second, when the plaintiff fraudulently pleaded jurisdictional facts; and third, when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. Triggs, 154 F.3d at 1287-88.

In the case *sub judice*, Defendants claim fraudulent joinder under the first basis established in Triggs, i.e., on the ground that there is no possibility Plaintiff can prove a cause of action against the resident defendants. Doc. No. 8, 7. To establish fraudulent joinder in this context, Defendants must show that Plaintiff has no colorable claim against the resident defendants. See Pacheco de Perez, 139 F.3d at 1380. The determination "must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Id. A district court may also "consider post-removal evidence in assessing removal jurisdiction" if relevant to the time period of the removal.

Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000) (internal citation omitted). Questions of fact are evaluated in the light most favorable to the plaintiff, and any uncertainties about the applicable law are resolved in the plaintiff's favor. Legg, 428 F.3d at 1323 (citing Calbalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)) (questions of fact); Pacheco de Perez, 139 F.3d at 1380 (citing Calbalceta, 883 F.2d at 1562) (uncertainties about applicable law).

**B. PLAINTIFF HAS NO COLORABLE CLAIM AGAINST DEFENDANTS FOX AND ARRANT UNDER O.C.G.A. § 51-3-1 and/or AGENCY PRINCIPLES**

**1. O.C.G.A. § 51-3-1**

Georgia law of premises liability is codified at O.C.G.A. § 51-3-1. Under O.C.G.A. § 51-3-1, "[w]here an owner or occupier of land . . . induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

Plaintiff argues that Defendants Foxx and Arrant may be held liable as an owner or occupier under O.C.G.A. § 51-3-1 in that her complaint "can be fairly construed to allege that Arrant and Foxx had maintenance and supervisory duties at the incident location at the time" of the incident and the complaint can also be

"fairly construed to allege that Defendants Foxx and Arrant are at least jointly liable for injuries Plaintiff Maddox sustained as a result of their negligence in failing to rectify a dangerous condition on the premises." Doc. No. 5-1, 12. Plaintiff does not allege in her complaint that Defendant Fox or Defendant Arrant created the allegedly dangerous condition in the store.

Defendants have presented affidavits in which affiants Defendant Cindy Fox and Wal-Mart Personnel Manager, Tina Colmer, aver that Defendants Fox and Arrant were only two of multiple assistant managers working at the store, that at no time was either defendant the sole manager of the store, and that neither defendant was involved with the incident until after it occurred when they responded to the scene. Doc. No. 8, 27-30.

The issue for this Court is whether, based on the complaint and evidence in the record, there is a colorable claim under O.C.G.A. § 51-3-1 that two of many assistant managers may be jointly liable with their employer (who "has admitted that it occupied the subject premises at the time of Plaintiff's alleged incident") for negligence in failing to keep the floor of the store free from the slippery substance that allegedly caused Plaintiff's fall. Doc. No. 8, 11.

Georgia courts have not articulated one clear definition of who qualifies as an "owner or occupier" of a premises. The Georgia Supreme Court has made clear,

7

however, that if a defendant is "neither the owner or occupier of the property . . . he is not directly liable to [plaintiff] under any premises liability theory." Anderson v. Atlanta Comm. for Olympic Games, 273 Ga. 113,118, 537 S.E.2d 345 (2000).

The Georgia Court of Appeals has indicated that the question of whether a defendant is the "owner or occupier" who may be liable under O.C.G.A. § 51-3-1 "depends on whether [defendant] had control of the property, whether or not he has title thereto and whether or not he has the superior right to possession of property which is in the possession or control of another." Scheer v. Cliatt, 133 Ga. App. 702, 704, 212 S.E.2d 29, 30 (1975) (internal quotations omitted). Some "factors which should be considered as evidence of control [are]: Who managed the daily operations of the shop-hiring, wages, hours, etc? Who had the right to admit or exclude customers? Who maintained and repaired the premises? Who paid the bills, taxes, etc.?" Id.

Georgia courts have found an "owner or occupier" liable under O.C.G.A. § 51-3-1 to be, among other things, "a person who maintains a place of business to sell goods or services," Keaton v. A.B.C. Drug Co., 266 Ga. 385, 387, 467 S.E.2d 558, 561 (1996), an "owner or person in charge of the premises," Coffer v. Bradshaw, 46 Ga. App. 143, 167 S. E. 119, 122 (1932), one who "has a right of possession and control over the premises," CFUS Prop., Inc. v. Thornton, 246 Ga. App. 75, 79, 539 S.E.2d 571,

576 (2000), a property manager "responsible for, among other things, ensuring compliance with laws, ordinances, and regulations, and inspecting, maintaining, and repairing the premises on behalf of [the owner]," Norman v. Jones Lang Lasalle Americas, Inc., 277 Ga. App. 621, 622 n. 2, 627 S.E.2d 382, 384 (2006), and the proprietor of a restaurant, Lau's Corp. v. Haskins, 261 Ga. 491, 476, 405 S.E.2d 474, 492 (1991).

Plaintiff relies on Defendants Fox's and Arrant's managerial and supervisory duties as the basis for their "control" of the premises which gives rise to their status as a "owners or occupiers" with a legal duty to keep the premises free of dangerous conditions. Doc. No. 5-1, 12. While Georgia courts recognize that "[l]iability depends upon control, rather than ownership, of the premises," Dixon v. Infinity Broad., 289 Ga. App. 71, 72, 656 S.E.2d 211, 213 (2007) (citation omitted), Plaintiff has not cited any Georgia authority that found that an assistant manager who was not the sole manager of the store had sufficient control to be an "owner or occupier" and therefore liable for negligence in the form of nonfeasance under O.C.G.A. § 51-3-1. Further, the general maintenance and supervisory duties alleged by Plaintiff do not rise to the level of responsibility that yields liability for failing to keep the premises safe for invitees due to the exercise of control over premises illustrated by the Scheer factors, set out above. Accord Housing Auth. of Atlanta v. Famble, 170 Ga. App. 509,

521, 317 S.E.2d 853, 864 (1984) ("Control . . . equates with a right to possess or exercise dominion over another's property, not the mere act of providing upkeep thereon.").

The case of Adams v. Sears, Roebuck & Co., Ga. App. 695, 697, 490 S.E.2d 150, 153 (1997) provides determinative authority. In Adams, the court upheld the trial court's dismissal at summary judgment of a slip and fall claim against the general manager of a store and held the claim was "without merit" as a matter of law because he was "neither an 'owner or occupier' of the . . . store" under O.C.G.A. § 51-3-1. 227. In Adams, the plaintiff slipped on a hanger that was left on the floor of the store. Id. at 695. The Georgia Court of Appeals held that the store manager was not personally liable for the plaintiff's injuries under O.C.G.A. § 51-3-1. Applying that holding here, Defendants Fox and Arrant are not "owners or occupiers" under O.C.G.A. § 51-3-1 due to their roles as assistant managers.

In support of her motion for remand and assertion that the assistant managers could exercise sufficient control to be found liable in a Georgia court, Plaintiff relies heavily on the holding of the case of Poll v. Deli Mgmt., Inc., No. 1:07-cv-0959-RWS, 2007 WL 2460769 (N.D. Ga. Aug. 24, 2007).[3] In Poll, the district court remanded a

---

[3] The Court notes that the Poll case is not binding precedent. See McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.").

10

claim for lack of subject matter jurisdiction where a general manager of a deli was joined as a defendant and his presence in the suit was in violation of the forum defendant rule which limits removal jurisdiction. See 28 U.S.C. § 1441(b). The district court found that Georgia case law "appear[ed] to support the proposition that a store manager, under certain circumstances and with sufficient supervisory authority, may be liable under O.C.G.A. § 51-3-1." Id. at 14. The court found that the Georgia Court of Appeal's opinion in Adams did not render plaintiff's claims against the manager without arguable reasonable basis as Adams concerned a motion for summary judgment and contained limited discussion regarding an earlier line of cases recognizing that liability under O.C.G.A. § 51-3-1 may extend to non-owners. The district court found that because plaintiff's complaint alleged that defendant was the "'manager' and 'occupier' who had 'possession' and 'control of the premises where [plaintiff] fell,'" the complaint could be "fairly construed to allege that [defendant], as an agent of [the employer], [was] jointly liable for the injuries [p]laintiff sustained as the result of the [d]efendants' negligent maintenance of the subject property," an issue that was not addressed in Adams. Id., at n. 7 (emphasis added). The district court found that "some uncertainty exists as to whether a store manager, alleged to be in possession and control of the premises where an injury occurred, may be held liable as either an 'owner or occupier' under O.C.G.A. § 51-3-1,

11

or as an agent of an 'owner or occupier' under traditional agency principles." Id. at *7.

In the case *sub judice*, although Plaintiff alleges that Defendants Fox and Arrant had "maintenance and supervisory duties" [Doc. No. 5, 12] and "supervisory control" [Doc. No. 5, 2], Plaintiff's complaint falls short of alleging that Defendants were "managers and occupiers who had possession and control of the premises" like the complaint in Poll. In addition, there is affidavit evidence in the record showing that neither Defendant Arrant or Defendant Fox was the store manager, as in Poll, but rather assistant managers operating under the supervision of a store manager. Thus, Poll's reasoning does not establish that Plaintiff has a colorable claim against Defendants Fox and Arrant under Georgia law.

### 2. Agency principles

Plaintiff also asserts that Defendants Fox and Arrant may be liable under traditional agency principles of Georgia law as agents of the "owner or occupier" based on the reasoning of the Poll court which is based on the case of Coffer v. Bradshaw, 167 S. E. 119, 122-23 (Ga. App. 1932). Doc. No. 5-1, 12. See Poll, 2007 WL 2460769 at * 20 (citing Coffer v. Bradshaw, 167 S. E. 119, 122-23 (1932)).

In Coffer, the court found a manager, assistant manager, superintendent, and foreman of a mill jointly liable to a third party for, among other things, failure to take precautions to secure a "dangerous and concealed trap" and sending an invitee to the area that contained the concealed trap without warning or accompaniment of an employee to make sure the invitee "did not get into [the] dangerous and concealed trap." Id. at 121. The court emphasized that the assistant manager was the only employee with whom the plaintiff came in contact and was the employee who took the critical step of telling the invitee to go to the area where the dangerous condition lay hidden without accompaniment. Id. at 121-22. The manager, superintendent, and foreman were liable because they failed to fulfill the duties of their positions when "they allowed the dangerous trap to exist unguarded, and . . . failed to post warning signs." Id. Here, unlike the assistant manager in Coffer, Plaintiff does not allege that either assistant manager Fox or Arrant took some action that allegedly led to her injury.

Further review of the Coffer case shows that the Georgia Court of Appeals drew a distinction between the liability of an agent of an owner or occupier to a third party for acts of nonfeasance and acts of misfeasance. Coffer, 167 S. E. at 120. The court stated that an agent is not ordinarily liable to third parties for nonfeasance, which it defined as "total omission to enter upon performance of distinct duty or

13

undertaking required by agent's agreement with principal," but is liable to third parties for misfeasance, which it defined as the "improper doing of an act which an agent might lawfully do" or a "positive wrong." Id. "The agent's liability [for misfeasance] is not based upon the grounds of his agency, but upon the ground that he is a wrongdoer, and as such he is responsible for any injury he may cause." Id. at 122 (citation omitted).

The case of Hudson & Marshall, Inc. v. Pennington, 119 Ga. App. 163, 166 S.E.2d 418, 419 (1969) also provides guidance. In Hudson, the Georgia Court of Appeals similarly stated that "an agent is not exonerated from the commission of a tort merely because he acts as an agent. He is exonerated if he is not a party to the tort, but not otherwise." Id. at 165.

In the case *sub judice*, Plaintiff does not allege that either Defendant Fox or Arrant created the condition that caused her injury, merely that they negligently failed to keep the premises safe as required by O.C.G.A. § 51-3-1. Because, as previously stated, neither Defendant Fox nor Arrant is as an "owner or occupier" under the statute and therefore did not have duties to keep the premises safe for invitees, and because there is no allegation that they created the dangerous condition or breached some independent duty of care owed to Plaintiff which led to Plaintiff's injury, the Court is unable to conclude that there is a colorable claim against them as

agents under Georgia law. See McKenna Long & Aldridge, LLP v. Keller, 267 Ga. App. 171, 172, 598 S.E.2d 892, 894 (2004) ("[A]n action in negligence requires the breach of a duty owed to the claimant.").

In light of this authority, the Court finds that traditional agency principles of Georgia law do not provide a colorable claim against Defendant Fox or Arrant.

### C.   CONCLUSION

For the reasons set forth above, Defendants have satisfied their burden by clear and convincing evidence of establishing fraudulent joinder. Therefore, Plaintiff's Motion to Remand [Doc. No. 5] is hereby **DENIED** and Defendants' Motion to Dismiss Cindy Fox and David Arrant for fraudulent joinder [Doc. No. 8] is hereby **GRANTED**. Defendants Fox and Arrant are hereby **DISMISSED** as parties to this suit, thereby giving this Court proper jurisdiction over this action.

Attorney's fees are not awarded.

**IT IS SO ORDERED,** this 4th day of April, 2012.

                                        s/Steve C. Jones
                                        HONORABLE STEVE C. JONES
                                        UNITED STATES DISTRICT JUDGE